# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA M. CALHOUN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-06-387-SPS |
| ) | |
| ATOKA MEMORIAL HOSPITAL, ) | |
| ATOKA MEMORIAL HOSPITAL ) | |
| FOUNDATION, and JASON AGLIN, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER DENYING THE
## MOTION TO DISMISS OF DEFENDANT JASON ANGLIN

This is a gender discrimination action by the Plaintiff Linda Calhoun against her former employer, the Atoka Memorial Hospital, its former director, Jason Anglin (whom the Plaintiff calls "Jason Aglin"), and the Atoka Memorial Hospital Foundation. The Plaintiff asserts claims for sexual harassment by fellow employees and retaliation by the Hospital for reporting such harassment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e)- 2000e-17 ("Title VII"). She also asserts claims arising under Oklahoma law for tortious interference, wrongful discharge, blacklisting and defamation. Currently before the Court is the Motion to Dismiss of Defendant Jason Anglin and Supporting Brief [Docket No. 25], which challenges the assertion of the Title VII and wrongful discharge claims against Anglin in his individual capacity and the assertion of any state law claims against him in his official capacity. The Plaintiff disavows asserting any such claims, but Anglin is unconvinced; he thinks the Plaintiff equivocates on the issue of whether she may at some time assert state tort claims against him in an official capacity. But tort claims against a

government officer in his official capacity are simply claims against the governmental entity itself. *See, e. g., Pellegrino v. State of Oklahoma, ex rel. Cameron University ex rel. Board of Regents*, 2003 OK 2, ¶ 6, 63 P.3d 535, 537 ("We view a tort claim brought against an employee in his or her official capacity as an attempt to impose liability upon the governmental entity[.]"). The Plaintiff has already asserted state tort claims against the Hospital, so there will be no need to *ever* assert official capacity claims against Anglin, which would be improper in any event. *See id.* ("Of course, designating an employee in his or [her] official capacity as a named defendant for this type of claim is improper since: 'In no instance shall an employee of the state or the political subdivision acting within the scope of his employment be named as a defendant' except certain resident physicians and interns."), *quoting* 51 Okla. Stat. § 163(C). *See also Parker v. City of Midwest City,* 1993 OK 29, ¶ 4 n.1, 850 P.2d 1065, 1066 (Section 163(C) "forbids suit under the Governmental Tort Claims Act against an employee acting within the scope of his employment.").[1] The Court therefore finds that the motion to dismiss should be denied.

---

[1] Nor, for that matter, *could* the Plaintiff have asserted her Title VII and wrongful discharge claims against Anglin in his *individual* capacity. *See Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) ("Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate."); *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[P]ersonal capacity suits against individual supervisors are inappropriate under Title VII."). *See also Tesh v. United States Postal Service,* 215 F. Supp. 2d 1220, 1229-30 (N.D. Okla. 2002) ("The [wrongful discharge] tort claim established by the Oklahoma Supreme Court in *Burk* can, however, only be asserted against an employer. It is only the employer who can breach the duty identified by the Oklahoma Supreme Court in *Burk.*"), *citing Burk v. K-Mart Corp.*, 1989 OK 22, ¶ 17, 770 P.2d 24, 28 ("An *employer's* termination of an at-will employee in contravention of a clear mandate of public policy is a tortious breach of contractual obligations.") [emphasis added].

Accordingly, IT IS ORDERED that the Motion to Dismiss of Defendant Jason Anglin and Supporting Brief [Docket No. 25] is hereby DENIED.

**IT IS SO ORDERED** this 29th day of August, 2007.

_____
**Steven P. Shreder**
**UNITED STATES MAGISTRATE JUDGE**